[Crim. No. 422.   Department Two.—September 1, 1898.]

THE PEOPLE, Appellant, v. BEN BEACH and G. H. PEAT, Respondents.

| 122 | 37 |
| 139 | 635 |
| 122 | 37 |
| 142 | 597 |

CRIMINAL LAW—SETTING ASIDE INFORMATION—LEGALITY OF COMMITMENT.—Under section 995 of the Penal Code, which provides for setting aside an information in case "the defendant had not been legally committed by a magistrate," the phrase "legally committed" means only that the accused had been committed by a magistrate who had jurisdiction to hold the examination, and who had actually heard the evidence, and determined that probable cause existed for holding the defendant to answer.

ID.—SUFFICIENCY OF EVIDENCE—CONCLUSIVENESS OF FINDING BY MAGISTRATE.—If a magistrate, upon a complaint duly made and charging a public offense, has heard the evidence, and has committed the defendant, that ends the matter, so far as concerns a motion to set aside the information for insufficiency of the evidence to show that a public offense had been committed. Upon such motion, the superior court cannot review and overrule the finding of the magistrate that the evidence taken before him was sufficient.

ID.—ORDER FOR COMMITMENT.—PRESUMPTION.—A motion to set aside an information cannot be sustained merely because it does not appear that an order for commitment was made, or indorsed upon the depositions, if it does not appear that such order was not regularly and properly made. It is incumbent on the moving party to establish that the defendant was not legally committed; and, until the contrary is shown, the presumption is that the official authority to commit was regularly and legally exercised.

APPEAL from an order of the Superior Court of San Joaquin County setting aside an information.   Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

W. F. Fitzgerald, Attorney General, and Henry E. Carter, Deputy Attorney General, for Appellant.

Fairall & Carroll, for Respondents.

TEMPLE, J.—This appeal is from an order setting aside an information on the ground that defendants had not been legally committed.

It is contended that the defendants had not been legally committed because the evidence before the magistrate did not show

that a public offense had been committed. If the magistrate had no power or jurisdiction to hold the examination, if no complaint had been made charging the defendants with a public offense, and perhaps if no evidence at all was taken by the magistrate, and there was no waiver by the defendants, it might be held that the defendants had not been legally committed. (*People v. Howard,* 111 Cal. 655.) The phrase "legally committed" refers to the examination of the charge and holding the defendant to answer by the magistrate. (*Ex parte Baker,* 88 Cal. 84.) If a magistrate, upon a complaint duly made and charging a public offense, has heard the evidence and has committed the defendant, that ends the matter so far as concerns this motion.

The question here is  ᴸ  as upon *habeas corpus,* whether a person is illegally deprived of his liberty, but whether he can legally be tried upon a criminal charge. A preliminary examination and commitment by a magistrate is required before an information can be filed, and an examination by a grand jury before an indictment, not so much to protect the liberties of the citizen as to protect them from being prosecuted upon slight evidence or mere suspicion, or at the instigation of private malice. A trial before a jury must still be had before a final judgment can be made depriving an accused person of his liberty. These precautions are entirely conventional, although since the days of the Star Chamber they have been deemed of the highest importance. The guaranty of a speedy trial to an accused person has made such precautions of less importance than formerly as affecting the liberty of the people.

The right to have a charge dismissed is regulated by statute, and, as we have seen, the phrase "legally committed" means only that the accused has been committed by a magistrate who has jurisdiction to hold the examination, and who has actually heard the evidence and determined that probable cause exists for holding the defendant.

The point was decided in *People v. More,* 68 Cal. 500. Counsel attempt a distinction on the ground that the alleged defect there was that venue was not shown, but the difference is not obvious. If the point was founded in fact there as here the evidence failed to show an offense for which the magistrate could legally hold the accused person. The decision was a construc-

tion of section 995 of the Penal Code, and holds that on the
motion to set aside the information the superior court cannot
review and overrule the finding of the magistrate that the evi-
dence taken before him was sufficient.

The point is also made by the respondent that it does not ap-
pear that an order for the commitment of the defendants was
indorsed on the depositions, or, in fact, that any such order was
made.  It is a sufficient reply to this suggestion that it does not
appear that such order was not regularly and properly made.
On a motion by the defendant to set aside an information on
the ground that the defendant has not been legally committed,
it is certainly incumbent upon the moving party to establish his
contention.  The presumption is, that official authority has been
regularly and legally exercised, until the contrary is shown.  The
bill of exceptions purports to show what evidence was submitted
to the superior court, and it shows no attempt to attack the in-
formation upon that ground.

The order appealed from is reversed.

Henshaw, J., and McFarland, J., concurred.