[Crim. No. 13. Fourth Appellate District.—March 7, 1930.]

THE PEOPLE, Respondent, v. A. C. THOMAS, Appellant.

D. G. Wettlin for Appellant.

U. S. Webb, Attorney-General, James S. Howie, Deputy Attorney-General, Z. B. West, Jr., District Attorney, and S. B. Kaufman, Deputy District Attorney, for Respondent.

MARKS, J.—Appellant was accused, by an information filed in the Superior Court of Orange County, of the crime of possession of intoxicating liquors, with two prior convictions. A jury trial was waived and he was found guilty and was sentenced to imprisonment in the county jail of Orange County for the term of six months, and, to pay a fine of five hundred dollars.

■ At the time of his arraignment, and before his plea to the information, his counsel moved to set aside the information upon the ground that appellant had not been legally committed by a magistrate as required by section 995 of the Penal Code, for the reason, as stated by counsel, that the evidence before the committing magistrate failed to show probable cause of the two prior convictions. The motion was denied. It was renewed at the opening of the trial and again denied. These rulings are now complained of as error. No other question is presented on this appeal.

It is the well-established rule in California that the question of the sufficiency of the evidence taken before a committing magistrate to show probable cause for holding a defendant for trial in the Superior Court can be raised by *habeas corpus,* but not by motion to set aside the information. (*People* v. *McCurdy,* 68 Cal. 576 [10 Pac. 207]; *People* v. *Sehorn,* 116 Cal. 503 [48 Pac. 495]; *People* v. *Beach,* 122 Cal. 37 [54 Pac. 369]; *People* v. *Creeks,* 170 Cal. 368 ]149 Pac. 821]; *People* v. *Mitsunaga,* 91 Cal. App. 298 [266 Pac. 1020].) In the case of *People* v. *Creeks, supra,* the Supreme Court said:

"It was further claimed that the evidence adduced on the preliminary examination before the magistrate did not sufficiently show probable cause to warrant a commitment for trial. Such an objection is not available on motion to set aside an information. By reason of an express statutory provision so declaring (Pen. Code, sec. 1487, subd. 7), such an objection may be raised on *habeas corpus,* if timely made, and we know of no other way in which it can be raised. It is not included in the grounds specified in the statute for the setting aside of an information. The subdivision relied on, that providing for such a motion on the ground that the defendant has not been 'legally committed by a

magistratc,' has no reference to the matter of the sufficiency of the evidence upon which a magistrate has acted. (See *People* v. *Beach,* 122 Cal. 37 [54 Pac. 369].) The trial court did not err in denying the motion to set aside the information.''

Judgment affirmed.

Sloane, P. J., and Barnard, J., concurred.