[Crim. No. 65.   Fourth Appellate District.—May 6, 1932.]

THE PEOPLE, Appellant, v. VALENTINE J. SERRANO, Respondent.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Earl Redwine, District Attorney, for Appellant.

Joseph Seymour for Respondent.

THOMSON, J., *pro tem.*—This is an appeal by the People from an order of the Superior Court of Riverside County granting defendant's motion to set aside and quash an information which charged defendant and respondent with the crime of escape from jail.

The record on appeal shows the following facts: On Saturday, August 29, 1931, the chief of police of the city of Corona was requested by one Holbrook to arrest respondent for giving him a bad check. The chief of police, in company with the city traffic officer and Holbrook, went to respondent's home where Holbrook identified him as the person who gave him the bad check, and then the officers took respondent to the home of one Enos, who also identified him as one who had passed bad checks. Whereupon the officers placed respondent under arrest and took him to the city jail, where he was booked on the charge of "suspicion of forgery" and incarcerated in the jail at about 4:30 o'clock in the afternoon. Respondent remained in jail Saturday night and Sunday, being last seen there Sunday, August 30th, at about 5:30 o'clock in the afternoon. On Monday morning he was not there. No complaint was filed against respondent until Monday morning, August 31st, after he had escaped.

Respondent moved to set aside the information under the provisions of section 995 of the Penal Code upon the

general ground that, before the filing of the information, defendant had not been legally committed by a magistrate.

█ Respondent first contends that he was never legally arrested, because at the time of his arrest he was not informed that he was under arrest and he was not informed of the intention to arrest him, as required by section 841 of the Penal Code. The record does not show whether or not such information was given to defendant at the time of the arrest and, in the absence of any showing to the contrary, the court will assume that the officers making the arrest did so regularly. (Code Civ. Proc., sec. 1963, subd. 15.)

█ Respondent next contends that there was no escape, because there was no lawful custody of defendant. In support of this contention he relies on section 107 of the Penal Code, the material portions of which are as follows: "Every prisoner charged with or convicted of a felony, who is confined in any jail or prison . . . or who is in the lawful custody of any officer or person, who escapes or attempts to escape from such jail, prison, . . . or from the custody of any officer or person in whose lawful custody he is, is guilty of a felony. . . " The record shows that the respondent was legally arrested and placed in the city jail on Saturday afternoon, a legal holiday for the justices' courts, prosecuting attorneys and other officials charged with the duty of enforcing the penal laws of California, under section 10 of the Political Code, and that he escaped before the opening of the justice's court on the next judicial day, at which time a formal complaint against him was filed. Our attention has not been called to any authorities, nor do we know of any, which determine a case of this kind, but we are convinced that the charge "suspicion of forgery" in the jail record was a sufficient designation of the fact that defendant was being held in the city jail until a formal charge of forgery should be made against him upon the opening of the justice's court on the first judicial day following his arrest and detention in jail. Under the provisions of section 836 of the Penal Code said peace officers had a right to arrest the defendant, without a warrant, for forgery. It was the duty of the arresting officer to take defendant before the nearest or most accessible magistrate in the county in which the arrest was made without unnecessary delay. (Pen. Code, sec. 849.) The arrest being made on a nonjudicial day, the

arresting officer had the right to place defendant in the city jail, and under the circumstances of this case the defendant was lawfully detained by, and was in the custody of, the officer in charge of the jail at the time of the escape. In the case of *People* v. *Garnett*, 129 Cal. 364, 366 [61 Pac. 1114, 1115], the Supreme Court construed the word "charged" as used in section 32 of the Penal Code, relating to persons who harbor and protect persons "charged with" a felony, as follows: "The word 'charged' as used in the section, means a formal complaint, information, or indictment filed against the criminal, *or possibly an arrest without a warrant might be sufficient.*" (Italics ours.) ▮ To interpret the words "charged with" in section 107 of the Penal Code in the sense that a formal charge must have been filed against the prisoner, would encourage escapes of the kind found in the case at bar and might cause the utmost confusion and disorder. We believe the legislature intended that a more liberal construction should be given to that language. Section 4 of the Penal Code lays down the rule that all of the provisions of the Penal Code "are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice". In interpreting section 107 of the Penal Code the Supreme Court said in the case of *In re Haines*, 195 Cal. 605, 613 [234 Pac. 883, 886] : "When a statute is fairly susceptible to two constructions, one leading inevitably to mischief or absurdity and the other consisting of sound sense and wise policy, the former should be rejected and the latter adopted. (*San Joaquin & K. R. C. & I. Co.* v. *Stevinson,* 164 Cal. 221 [128 Pac. 924].)" We are of the opinion that the facts and circumstances of the case at bar bring it within the provisions of section 107 of the Penal Code and that respondent at the time of his escape was a prisoner charged with a felony within the meaning of said statute.

▮ Respondent further contends that the testimony taken at the preliminary examination before the committing magistrate was insufficient to support the allegations of the complaint or the allegations of the information. On the other hand, appellant takes the position that the sufficiency of the evidence adduced at the preliminary examination may not be tested on a motion to set aside the information. This question was presented to this court in the case of *People* v.

*Thomas,* 104 Cal. App. 392 [285 Pac. 870], in which case the defendant was accused by an information filed in the superior court of the crime of possession of intoxicating liquors, with two prior convictions. At the time of his arraignment and before his plea to the information, defendant moved to set aside the information upon the ground that defendant had not been legally committed by a magistrate as required by section 995 of the Penal Code, for the reason that the evidence before the committing magistrate failed to show probable cause of the two prior convictions. In that case this court said: "It is the well-established rule in California that the question of the sufficiency of the evidence taken before a committing magistrate to show probable cause for holding a defendant for trial in the superior court can be raised by *habeas corpus,* but not by motion to set aside the information." The Supreme Court of California in the case of *People* v. *Creeks,* 170 Cal. 368 [149 Pac. 821, 882], held that the sufficiency of the evidence to show probable cause to warrant a commitment for trial is not available on motion to set aside an information, and the Supreme Court therein stated: "By reason of an express statutory provision so declaring (Pen. Code, sec. 1487, subd. 7) such an objection may be raised on *habeas corpus,* if timely made, and we know of no other way in which it can be raised. . . . The subdivision relied on, that providing for such a motion on the ground that the defendant has not been 'legally committed by a magistrate', has no reference to the matter of the sufficiency of the evidence upon which a magistrate has acted." The same principle is laid down in the following California cases: *People* v. *Hinshaw,* 194 Cal. 1, 11 [227 Pac. 156]; *People* v. *McCurdy,* 68 Cal. 576, 578 [10 Pac. 207]; *People* v. *More,* 68 Cal. 500, 501, 502 [9 Pac. 461]; *People* v. *Beach,* 122 Cal. 37, 38 [54 Pac. 369]; *People* v. *Mitsunaga,* 91 Cal. App. 298, 302 [266 Pac. 1020]; *In re Williams,* 52 Cal. App. 566, 572 [199 Pac. 347]. In the case of *People* v. *Beach, supra,* an appeal was taken from an order setting aside an information on the ground that the defendant had not been legally committed, and the court said (at p. 38): "If the magistrate had no power or jurisdiction to hold the examination, if no complaint had been made charging the defendants with a public offense, and perhaps if no evidence at all was taken by the magistrate,

and there was no waiver by the defendants, it might be held that the defendants had not been legally committed. (*People* v. *Howard,* 111 Cal. 655 [44 Pac. 342].) . . . If a magistrate, upon a complaint duly made and charging a public offense, has heard the evidence and has committed the defendant, that ends the matter so far as concerns this motion.'' In the case at bar the record shows that a complaint was filed in the justice's court showing on its face that the justice's court had jurisdiction, charging a public offense, and setting forth all of the allegations required under the statutes. A preliminary examination was held and evidence taken, and, after hearing the evidence, the magistrate committed the respondent to the superior court for trial. Therefore, under the authorities above cited, the sufficiency of the evidence taken at the preliminary examination to justify the magistrate in holding respondent to answer to the superior court, cannot be determined on respondent's motion to set aside the information.

Respondent cites in support of his contention that the evidence adduced at the preliminary examination may be tested on a motion to set aside the information, the case of *In re Heinze,* 116 Cal. App. 286 [2 Pac. (2d) 561, 562], decided by the District Court of Appeal for the Third District subsequently to the authorities above cited. In that case, after the information was filed in the superior court, the defendant entered a plea of ''not guilty'' to the information and the case was set for trial. Thereafter defendant petitioned for a writ of *habeas corpus.* The court held that the defendant having pleaded ''not guilty'' to the information and having failed to move to set aside the information under section 995 of the Penal Code, waived his right to object to the irregularity of the proceedings or insufficiency of the evidence. The court then proceeds to say by way of *dictum* (because the question was not before the court): ''If the petitioner was held for trial in the superior court in the present case upon insufficient evidence, that defect could be taken advantage of only upon motion to set aside the information pursuant to the provisions of section 995 of the Penal Code.''

The cases cited in the Heinze case, and upon which it is based, are the following: *Ex parte Moan,* 65 Cal. 216 [3 Pac. 644] , *In re Northcott,* 71 Cal. App. 281 [235 Pac. 458],

and *People* v. *Bawden,* 90 Cal. 195 [27 Pac. 204]. The case of *Ex parte Moan, supra,* was an application for discharge on *habeas corpus* after trial and conviction of manslaughter. As ground for the relief sought the petitioner contended that there was no commitment in the case. The Supreme Court held that the commitment was sufficient, but said that, even if the commitment were not sufficient, defendant, by entering his plea to the information without making a motion to set aside the information under section 995 of the Penal Code, waived his right to the objection that he had not been examined and committed in the manner required by law. The point ruled upon in the case related to the form of the commitment made by the magistrate and did not relate to the sufficiency of the evidence taken before the magistrate. The case of *In re Northcott, supra,* was an application for a writ of *habeas corpus* after trial, conviction and sentence for the crime of murder. Previously an appeal was taken from the judgment and the order denying a motion for new trial and the judgment was affirmed. As a ground for relief the petition alleged that the judgment of conviction is void because the magistrate before whom the preliminary examination was conducted held the petitioner for trial without reasonable or probable cause. The appellate court held that the petitioner was being held as a prisoner in the state prison pursuant to a commitment issued by the superior court based on the judgment of conviction obtained in said superior court, which judgment is not related to, nor is it dependent upon, the order of the committing magistrate holding the defendant to answer for trial. No mention was made in that case of section 995 of the Penal Code, or any rights thereunder. In the case of *People* v. *Bawden, supra,* the appellant was convicted of murder and was sentenced to suffer the death penalty. He appealed from the judgment, from the order denying a new trial and also from an order denying his motion "to dismiss the information and all subsequent proceedings". Appellant alleged that there was no preliminary examination and commitment of defendant by a magistrate before the filing of the information, for the reason that defendant was insane at the time of the preliminary examination. The Supreme Court held that such matters did not raise the question of jurisdiction, the preliminary examination and commitment, and the information based

thereon, being regular on their face, gave full jurisdiction to the court to try the case. The court said that a motion to set aside the information under section 995 of the Penal Code must be made upon arraignment or the defendant is precluded from afterward taking such objection. But the court did not need to determine, nor did it determine, that the sufficiency of the evidence taken at the preliminary examination could be tested by such a motion. From this review of the last three authorities it will be seen that none of the authorities cited in the Heinze case relate to the question of the sufficiency of the evidence taken at the preliminary examination to warrant the magistrate in committing defendant to the superior court for trial, although they do support the point decided by the Heinze case. It is apparent that, in the Heinze case, the court did not intend to overrule, or in any way minimize the force of, the line of California authorities above cited which hold that the sufficiency of the evidence taken at the preliminary examination to warrant the magistrate in committing a defendant for trial may not be determined on a motion to set aside the information under section 995 of the Penal Code, but that such an objection must be raised on *habeas corpus* before plea to the information. None of those authorities are mentioned in the opinion and apparently they were not presented to the court nor considered by the court in deciding the Heinze case.

We are of the opinion, therefore, that the superior court in the case at bar, in determining that there was not sufficient evidence to justify the committing magistrate to commit defendant for trial in the superior court, exceeded its authority in inquiring into the sufficiency of the evidence taken at the preliminary examination; and that the only manner in which such inquiry may be made is on *habeas corpus* (Pen. Code, sec. 1487, subd. 7).

The order appealed from is reversed.

Barnard, P. J., and Marks, J., concurred.