[Crim. No. 5822. In Bank. Feb. 24, 1956.]

THE PEOPLE, Respondent, v. JAMES FARRARA et al., Appellants.

G. Vernon Brumbaugh for Appellants.

Edmund G. Brown, Attorney General, and Joan D. Gross, Deputy Attorney General, for Respondent.

TRAYNOR, J.—Defendants James and Helen Farrara appeal from orders granting them probation and denying their motion for a new trial entered after they were found guilty of violations of Penal Code, section 337a. A jury trial was waived and it was stipulated that the case should be submitted on the transcript of the preliminary hearing. Each defendant was found guilty of one count of recording bets on horse races (Pen. Code, § 337a, subd. (4)), and Helen was found guilty of one count of occupying premises for the purpose of bookmaking. (Pen. Code, § 337a subd. (2).)

On October 28, 1954, Officer Sherrer of the Los Angeles Police Department observed James Farrara get into his car near the corner of 8th and Cochran in Los Angeles. Two other officers got into the car with James and the car was

driven for a little less than a block. James then got out of the car, and Officer Sherrer searched him. He found keys, a scratch sheet for October 27th, and several pieces of paper that were identified as records of bets for races run on the 27th. Although James told Officer Sherrer that he did not know anything about these papers, there was evidence that the handwriting was his.

Shortly thereafter at approximately 12.35 p. m. on October 28th, Officer Sherrer and two other officers gained entrance to an apartment about half a block away on South Cochran by the use of one of the keys taken from James. They found Helen Farrara in the bedroom with a scratch sheet for October 28th and several pieces of paper similar to those taken from James. These papers were identified as records of bets in Helen's handwriting for races run on the 28th, and Helen admitted taking bets over the telephone for two days. The apartment was regularly occupied by Maxine Shaman, a friend of the defendants, who was present when the officers arrived.*

Before the arrests, the officers had had the apartment and defendants under observation and had seen both of them go to the apartment on the 27th. James arrived before 10 a. m. and left shortly after 1 p. m. Helen left her home about 12:30 p. m., went to the apartment, and left there at about 5:25 p. m.

Neither defendant took the stand or presented any evidence other than by cross-examining prosecution witnesses.

■ The foregoing evidence is sufficient to support the conclusion of the trial court that each defendant was guilty of recording bets and that Helen was guilty of occupying the apartment "with papers . . . for the purpose of recording . . . bets." (Pen. Code, § 337a, subd. (2).) ■ There is no merit in defendants' contention that venue was not proved. Helen admitted taking bets in the apartment, which was located in Los Angeles County, and James was observed at or near the apartment on both the 27th and the 28th. Moreover, since the defendants' home was also located in Los Angeles, it may reasonably be inferred that James did not leave the county to record the bets on races run on the 27th.

Defendants contend that the officers did not have reasonable cause to believe that either of them had committed a felony and that the arrests and the searches and seizures incident

*Maxine Shaman was also charged with violations of Penal Code, section 337a, but as to her the information was set aside pursuant to her motion made under Penal Code, section 995.

thereto were therefore illegal. In addition, Helen contends that the officers violated section 844 of the Penal Code by using the key to enter the apartment to make an arrest without first "having demanded admittance and explained the purpose for which admittance is desired." Accordingly, they conclude that the evidence should have been excluded.

■■■ This case was tried before the decision in *People* v. *Cahan*, 44 Cal.2d 434 [282 P.2d 905], no objection was made to the introduction of the evidence in the trial court, and no evidence was presented for the purpose of showing whether or not the officers acted lawfully. Thus it does not appear whether or not the officers had warrants for defendants' arrest or for the search of the premises or reasonable cause to believe that they had committed a felony. From the fact, however, that the officers had defendants and the apartment under observation, it may be inferred that they had some information indicating guilt, but the record is completely silent as to whether or not such information was sufficient to constitute reasonable cause to justify the arrests. Similarly, it may be inferred from the fact that the officers used the key taken from James to enter the apartment they did not enter with the consent of the occupants, but the record is also completely silent as to whether or not the entry was preceded by the demand and explanation required by section 844.

In *People* v. *Kitchens, ante,* p. 260 [294 P.2d 17], we held that the rule that the admissibility of evidence will not be reviewed on appeal in the absence of a proper objection in the trial court, is not applicable to appeals based on the admission of illegally obtained evidence in cases that were tried before the Cahan decision. We were careful to point out, however, that there was "sufficient evidence in the record to support the conclusion that the search and seizure at the time of defendant's arrest were unlawful." In *Badillo* v. *Superior Court, post,* p. 269 [294 P.2d 23], we held in this respect that "the defendant makes a prima facie case when he establishes that an arrest was made without a warrant or that private premises were entered or a search made without a search warrant, and the burden then rests on the prosecution to show proper justification. [Citations.]"

■■■ In the present case, on the contrary, there is no such evidence, and to reverse the judgment it would be necessary to presume that the officers acted illegally and that the trial court erred in admitting the evidence so obtained. It is settled, however, that error will not be presumed on appeal

(*Vaughn* v. *Jonas,* 31 Cal.2d 586, 601 [191 P.2d 432] ; *People* v. *Gutierrez,* 35 Cal.2d 721, 727 [221 P.2d 22] ; *Lynch* v. *Birdwell,* 44 Cal.2d 839, 846-847 [285 P.2d 919] ; *People* v. *McManis,* 122 Cal.App.2d 891, 899 [266 P.2d 134]), and in the absence of evidence to the contrary it must also be presumed that the officers regularly and lawfully performed their duties. (Code Civ. Proc., § 1963 subds. (1), (15), (33) ; *People* v. *Serrano,* 123 Cal.App. 339, 341 [11 P.2d 81] ; see also *Vaughn* v. *Jonas, supra,* 31 Cal.2d 586, 601.)

The orders are affirmed.

Gibson, C. J., Schauer, J., and McComb, J., concurred.

Shenk, J., and Spence, J., concurred in the judgment.

CARTER, J.—I dissent.

For the reasons stated in my dissenting opinion in *People* v. *Martin,* Crim. 5758, *ante,* p. 106 [293 P.2d 52], and *People* v. *Beard,* Crim. 5809, *post,* p. 278 [294 P.2d 29], I would reverse the judgment in the case at bar.