[Crim. No. 6533.   Second Dist., Div. Three.   June 29, 1959.]

THE PEOPLE, Respondent, v. FRANCIS DOUGLAS
SMITH, Appellant.

Harry Weiss for Appellant.

Stanley Mosk, Attorney General, and Jack E. Goertzen,
Deputy Attorney General, for Respondent.

VALLÉE, J.—In a nonjury trial defendant was convicted
on two counts of burglary. The burglaries were alleged to
have been committed on March 26, 1958, in entering two stores
in West Covina, known as Elegantia Men's Wear and Norm
Meager's Men's Store. Defendant appeals from the judg-
ment.

In the morning of March 26, 1958, defendant and Beverly
Day drove an automobile from Los Angeles to West Covina.
In West Covina they entered Elegantia Men's Wear. The
owner and Mr. Wise, the manager, were in the store. Elegantia
carried only men's wear. Defendant had been in the store on
one prior occasion looking for a suit. Wise waited on defend-

ant for about 15 minutes. During this time Beverly was on the opposite side of the store in a section where jackets and slacks were kept. Wise's back was toward her. There were some 16 suits in that section which had been received by the store the night before and had not been "ticketed." After defendant had looked at several suits he and Beverly left the store. A few minutes later Wise started to ticket the 16 suits and found only 15.

A little later that morning defendant and Beverly entered Norm Meager's Men's Store, also in West Covina. Mr. Bouquette was working alone in the store. He showed a suit to defendant. Beverly was present when they started to look at the suit and then she went to the back of the store. She requested permission to use one of the dressing rooms to fix a shoulder strap. While defendant was looking at suits she stepped out the back door toward the parking lot and later returned. Defendant tried on a suit and asked Bouquette if he (Bouquette) would slip it on. Defendant appeared to like it. Bouquette figured the price of the suit. Defendant then walked to the end of the store where he talked to Beverly. He pulled out a "folded bunch of bills," counted them, and talked to Beverly as to whether they could afford the suit. Beverly shook her head, indicating she disagreed. Defendant and Beverly then told Bouquette they would talk it over and return later. Later that day, after a call from the police, Bouquette found that three suits were missing from the store. He looked in the dressing room which Beverly had used and found three of the store's wooden hangers similar to the ones on which the three missing suits had been hanging.

Later defendant and Beverly were in Greene's Men's Wear Store in West Covina. Then they drove to Redlands, where they entered Fowler's Men's Store. During the course of the day they went into six or seven men's stores.

About 2:45 the same day Officer Elliott of the Redlands Police Department received from the chief of police of Redlands a description of defendant and the automobile which he was driving. He walked down the street in front of Levine's Men's Store in Redlands, saw an automobile in front of the store which answered the description of the car which had been given to him, and entered the store where defendant was trying on a coat. Beverly was seated on a chair near him. He arrested them immediately.

Elliott asked defendant for the keys to the car. Defendant

searched through his pockets and pretended not to find the keys. At the request of Elliott defendant went outside the store with him to see if the keys were in the car. The car was parked "immediately adjacent in front of the store." The keys were not in the car. Elliott and defendant returned to the store. Elliott again asked defendant for the keys and he again searched without results. Elliott then told him to take everything from his pockets and defendant did so but did not produce the keys. Elliott then asked defendant to search in the jacket he was wearing. Other officers arrived at the scene and one of them found the keys in a pocket of the jacket.

Elliott then opened the trunk of the car. In the trunk there was one suit enclosed in an Elegantia wrapper with an Elegantia label sewn inside; three suits carrying Norm Meager's labels and lot numbers; a suit from Greene's Men's Store; and two suits which had been described to Elliott prior to the arrest as having been stolen from Fowler's Men's Store in Redlands a few minutes earlier.

When questioned by Elliott defendant denied any knowledge of the suits. He told another officer he had bought the suits the morning of the arrest in Los Angeles from a unknown party for $100. At the trial he admitted the latter statement was untrue.

Defendant objected to the receipt in evidence of the suits from Elegantia Men's Wear and from Norm Meager's Men's Store on the ground that they were obtained by unlawful search and seizure. Defendant's first contention appears to be that the arrest was unlawful, that the search was made incident to the unlawful arrest and was, therefore, unlawful, and thus the evidence obtained therefrom should have been excluded.

There is nothing in the record to indicate that Officer Elliott did not have a warrant for defendant's arrest or that he did not have a search warrant. In the absence of any showing to the contrary, it must be presumed he had both. (Code Civ. Proc., § 1963, subds. 1, 15, 33.) Since the record is silent as to whether the officer had a warrant for the arrest of defendant and is silent as to whether he had a search warrant, we must presume he regularly and lawfully performed his duties, that he had a warrant for the arrest of defendant, and therefore that he had reasonable cause for his arrest; and we must presume he had a search warrant and therefore that the search and seizure were lawful. (*People* v. *Farrara*, 46

Cal.2d 265, 268-269 [294 P.2d 21]; *People* v. *Morris*, 157 Cal. App.2d 81, 83 [320 P.2d 67].) ▮ The burden was on defendant to show that Officer Elliott made the arrest and the search and seizure without proper warrants. (*Badillo* v. *Superior Court*, 46 Cal.2d 269, 272 [294 P.2d 23].) ▮ Since there was no showing that either the arrest or the search and seizure was made without a proper warrant, the court correctly overruled the objection to the reception of the suits in evidence.

As a witness for defendant, Beverly testified she took the two suits from Fowler's. Defendant contends, if we understand his point, that since Beverly admitted guilt of the theft from Fowler's "any belief" that defendant "acted in concert with her would be no more than speculation and would not support the charge of burglary," and thus there was no evidence that he aided and abetted Beverly in the burglaries of the West Covina stores. Without further discussion of the evidence, it is enough to say that it may be reasonably inferred from the evidence that defendant and Beverly were principals in the burglary of both Elegantia and Norm Meager's.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.