[Crim. No. 1292. Fourth Dist. Sept. 13, 1961.]

THE PEOPLE, Respondent, v. LUCILLE JOHNSON
et al., Appellants.

Frank B. Milton, in pro. per., and Hugh Wesley Goodwin, under appointment by the District Court of Appeal, for Appellants.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George W. Kell, Deputy Attorney General, for Respondent.

COUGHLIN, J.—This is an appeal from judgments, after trial by jury, convicting each of the defendants, who are the appellants herein, of a violation of section 11500 of the Health and Safety Code, i.e., possession of heroin.

After announcing their presence and not being admitted, law enforcement officers broke into the defendant Johnson's home; searched the premises; found both defendants present therein; found heroin in a pair of Levi's, apparently belonging to the defendant Milton; and also found heroin in a jacket

apparently belonging to the defendant Johnson. Thereupon the defendants were arrested and charged with the possession of heroin. At the trial objection was made to the introduction of evidence obtained as a result of the aforesaid search, upon the ground that the officers had entered the premises illegally. The objection was overruled. The defendants contend that the search was unlawful; that the evidence obtained thereby was inadmissible under the rule stated in *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513] ; and ask that the judgment be reversed. This is the sole contention made on this appeal. In opposition, the People, who are the respondent herein, rely upon the fact that the record does not show that the officers were not acting under a search warrant nor a warrant of arrest and contend that a reversal should not be ordered because, no evidence to the contrary appearing, it must be presumed that the officers regularly and lawfully performed their duties, citing *Badillo* v. *Superior Court,* 46 Cal.2d 269, 272 [294 P.2d 23] and *People* v. *Guy,* 145 Cal. App.2d 481, 488 [302 P.2d 657], in support of their position. (See also *People* v. *Citrino,* 46 Cal.2d 284, 287 [294 P.2d 32] ; *People* v. *Maddox,* 46 Cal.2d 301, 304 [294 P.2d 6] ; *People* v. *Beard,* 46 Cal.2d 278, 280 [294 P.2d 29] ; *People* v. *Holguin,* 145 Cal.App.2d 520, 521-522 [302 P.2d 635].)

 ''The burden is on the defendant to raise the issue of illegally obtained evidence, . . .'' (*People* v. *Prewitt,* 52 Cal.2d 330, 335 [341 P.2d 1] ; *People* v. *Guy, supra,* 145 Cal. App.2d 481, 488.)

He may do this by moving to suppress the evidence or by objecting to its introduction. In either event, he must establish that private premises were entered or a search made without a warrant and, if the search objected to was an incident to an arrest, that the arrest was made without a warrant (*Badillo* v. *Superior Court, supra,* 46 Cal.2d 269, 272; *People* v. *Smith,* 171 Cal.App.2d 568, 570 [340 P.2d 640] ; *People* v. *Guy, supra,* 145 Cal.App.2d 481, 488) ; otherwise it must be presumed that the search or arrest was made pursuant to a warrant. (*People* v. *Prewitt, supra,* 52 Cal.2d 330, 335; *People* v. *Maddox, supra,* 46 Cal.2d 301, 304; *People* v. *Citrino, supra,* 46 Cal.2d 284, 287; *People* v. *Farrara,* 46 Cal. 2d 265, 269 [294 P.2d 21] ; *People* v. *Smith, supra,* 171 Cal. App.2d 568, 570; *People* v. *Morris,* 157 Cal.App.2d 81, 83 [320 P.2d 67] ; *People* v. *Guy, supra,* 145 Cal.App.2d 481, 488.) This conclusion follows from the presumption that ''the officers regularly and lawfully performed their duties.''

(Code Civ. Proc., § 1963, subds. 1, 15, 33; *People* v. *Farrara, supra,* 46 Cal.2d 265, 269; *Badillo* v. *Superior Court, supra,* 46 Cal.2d 269, 272; *People* v. *Beard, supra,* 46 Cal.2d 278, 280; *People* v. *Citrino, supra,* 46 Cal.2d 284, 287; *People* v. *Collins,* 172 Cal.App.2d 295, 302 [342 P.2d 370]; *People* v. *Dupree,* 156 Cal.App.2d 60, 67 [319 P.2d 39]; *People* v. *Serrano,* 123 Cal.App. 339, 341 [11 P.2d 81].)

There is no evidence in the case at bar that, in making the search in question, the officers acted either without a search warrant or a warrant of arrest, although there is evidence that a search warrant had been issued with respect to other premises occupied by the defendant Milton. A *voir dire* examination by the defendant of the witness who was being questioned on the subject, had it established that the entry in question was made without a warrant, would have laid the foundation for his objection, and would have placed the burden of establishing justification for the entry upon the People. (*Badillo* v. *Superior Court, supra,* 46 Cal.2d 269, 272.) Not choosing to take such a course, or otherwise bring to the attention of the court that the officers acted without a warrant, if such were the fact, the presumption heretofore noted applied and no basis for the objection existed. Under these circumstances, the trial court did not err in overruling the defendant's objection to the evidence in question.

The judgments are affirmed.

Griffin, P. J., and Shepard, J., concurred.

The petition of appellant Frank B. Milton for a hearing by the Supreme Court was denied November 8, 1961.