THE STATE v. MELVIN WILLIAMS and GEORGE WANN, Appellants.— 14 S. W. (2d) 434.

Division Two, March 2, 1929.

*John H. Keith* for appellants.

*Stratton Shartel,* Attorney-General, and *Don Purteet,* Assistant Attorney-General, for respondent.

WHITE, J.—Defendants were charged by information filed in the Circuit Court of Iron County with the crime of transporting hootch, moonshine, corn whisky. A jury, October 3, 1927, found defendants guilty as charged, and the punishment of each was assessed at a fine of five hundred dollars and six months in the county jail. Appeal followed.

John Ruble, Deputy Sheriff of Iron County, had been informed by the prosecuting attorney and by citizens of Annapolis that the defendants were driving an automobile loaded with whisky along Highway No. 49, through the town of Annapolis. February 19, 1927, Ruble, with two other deputies, encountered the two defendants in a car between Annapolis and Sabula, stopped them on the highway, and placed them under arrest. He found in their automobile twenty-

two pint bottles, two half-pint bottles of whisky, and a five-gallon keg having about one gallon of whisky in it. The defendants at the time of arrest were driving in a southerly direction.

The prosecuting attorney later took the contents of one pint bottle to St. Louis, and had a chemical analysis. The chemist who examined it testified that it contained 47½ per cent alcohol and was corn whisky. Deputy Ruble testified that defendant Williams, at the time of the arrest, said to him:

"You wouldn't have caught us if our car hadn't stopped; you can't hold us for anything more than possession because we were standing still when you caught us."

The defendants filed a motion to suppress the evidence on the ground that it was obtained by an unlawful and unreasonable search. The evidence sought to be suppressed offered in support of the motion, was about the same as that summarized above. The motion for new trial complains of the failure to sustain his motion to suppress, and the overruling of his demurrer to the evidence. These two objections are presented in varying forms. It all turns upon whether the evidence introduced was competent.

I. Any person lawfully arrested may be searched by the arresting officer who has a right to take from him any article which is likely to connect him with the commission of the crime for which he is arrested. The arresting officer may not only search the prisoner but he may search the room or the place where the arrest takes place. In this case the right to search the automobile followed the arrest, if the arrest were lawful. [State v. Turner, 259 S. W. l. c. 428; State v. Hadlock, 316 Mo. l. c. 7; Holker v. Hennessey, 141 Mo. l. c. 539; State v. Pinto, 312 Mo. l. c. 107; State v. Pomeroy, 130 Mo. 489.]

A peace officer may arrest without a warrant anyone who he has reasonable grounds to believe has committed a felony. [5 C. J. 399; State v. Gartland, 304 Mo. l. c. 99; Wehmeyer v. Mulvihill, 150 Mo. App. l. c. 206; State v. Evans, 161 Mo. l. c. 110.]

The defendants in this case were arrested without a warrant and if they were lawfully arrested the search of their automobile was lawful and the evidence discovered was admissible.

II. The defendants were lawfully arrested if the officer had reasonable ground to suspect, or if there was probable cause to suspect, that they were transporting liquor in their automobile. They were convicted of transporting the liquor; they admitted they had it; they offered no evidence to contradict the positive proof of the State; a quantity of corn whisky was found in the automobile which these two were driving on their way south. Ordinarily we would say that was ample ground for the arrest. Or,

if it be put another way, there *was* probable cause. Besides the sheriff had reasonable ground to believe because he was informed by persons who knew that these defendants were transporting liquor.

A misapprehension has arisen in this case, as well as in others, by confusing the "probable cause" necessary to be found before the issuance of a search warrant, with the right to arrest without warrant one suspected of having committed a felony. The two things are based upon different principles and differ in their practical effect.

The Constitution, Section 11, Article II, provides that persons shall be secure in their person, papers, etc., from unreasonable search and seizures, and "no warrant to search . . . shall issue . . . without probable cause, *supported by oath or affirmation reduced to writing.*" No such condition precedes the right to *arrest* without a warrant.

An officer has no right whatever to search for evidence in the manner prohibited in Section 11, Article II, without a search warrant, no matter if he has probable cause to believe the evidence is there; nor even if he *knows* the evidence is there. He cannot justify by showing that he found the evidence which he sought, his search is illegal because its very purpose is to discover evidence.

But an officer has a right to *arrest* without a warrant on reasonable ground to suspect that the person arrested has committed a felony. Numerous cases are in the reports where courts have considered what may be reasonable ground to suspect which authorizes arrest. This question arises usually in actions for malicious prosecution, false arrest or false imprisonment where the person arrested is innocent or has been acquitted. But it may arise in other cases. McKeon v. National Casualty Company, 270 S. W. 707, was an action on an accident insurance policy. The defense was that the insured was killed while resisting a lawful arrest, and therefore it was not accidental. The court held that the officer had no probable cause to arrest the deceased. There was no charge against him. It was not attempted to show that he had committed any crime. He was arrested merely because he was wanted for identification.

It is held that a conviction of the crime for which one is arrested is conclusive evidence of probable cause, unless the judgment was procured by fraud. It is some times put in this way: Conviction is prima-facie evidence of probable cause. [Boogher v. Hough, 99 Mo. 183; Wilcox v. Gilmore, 8 S. W. (2d) l. c. 963, and cases cited.] That means, in an action for false imprisonment or false arrest, that a defense is made out by showing the conviction. The arresting officer does not have to go further and show that he had probable cause.

Proof of actual guilt of the party arrested is a complete defense to actions for malicious prosecution, and it matters not whether there was previous probable cause for believing the accused guilty. [38

C. J. 459, 404; Wells v. National Surety Company, 194 Mo. App. 389, 396; Duerr v. Bridge & Railroad Co., 132 Ky. 228.]

The difference between ground for issuing a search warrant and for arresting a suspect without a warrant appears in the nature of the proceeding. The probable cause, in the case of a search warrant, must be presented to the judicial officer who issues the warrant. The *evidence* must be brought to him, and it must be supported by oath or affirmation and reduced to writing. That is a prerequisite to the issuance of a search warrant. It ends with the issuance of a warrant which also may authorize an arrest or ''seizure'' of persons.

When an officer *arrests* without a warrant no one would say that he must have probable cause supported by oath or affirmation of someone reduced to writing before he can go and make an arrest. The apprehension of criminals is slow enough without that formality. He is not necessarily justified because he believes an offense has been committed, but he *is* always justified if an offense in fact has been committed, whether he had reason to believe it or not. If a crime has *not* been committed, then he can only be justified by the existence of reasonable ground to believe that it has been committed. As applicable to this case it would not matter a particle, when the deputy sheriff made the arrest, whether reasonable ground to believe a felony had been committed was presented to his mind or not; he is justified *because the reasonable ground existed;* the crime had in fact been committed. That is a complete justification. The arrest was therefore lawful.

The judgment is affirmed. All concur.