[L. A. No. 21737. In Bank. Mar. 14, 1951.]

WILLIAM J. B. HUGHES, Appellant, v. NICK K. OREB et al., Respondents.

Entenza & Gramer and M. E. Storrie for Appellant.

Crider, Runkle & Tilson, Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, Roland Wilson and John F. Feldmeier, Deputy City Attorneys, for Respondents.

GIBSON, C. J.—Plaintiff brought this action for damages for false imprisonment against Oreb, owner and manager of an establishment in San Pedro known as the Hawaiian Gardens, and against Ledbetter and Greenwood, police officers of the city of Los Angeles. A motion for nonsuit was granted as to defendant Oreb at the close of plaintiff's case, and, after the introduction of evidence on behalf of officers Ledbetter and Greenwood, the court directed a verdict in their favor. Plaintiff has appealed from judgments for defendants and from an order denying a new trial. The appeal from the order denying a new trial must be dismissed because the order is not appealable. (*Reeves* v. *Reeves,* 34 Cal.2d 355, 357 [209 P.2d 937].)

On the morning of January 31, 1948, defendant Oreb discovered that about one hundred silver dollars had been taken from his home. He reported the theft, and defendant officers were assigned to investigate it. At about 12:30 o'clock of the morning of February 1, 1948, plaintiff went into the bar of the Hawaiian Gardens and ordered a drink, paying for it with a silver dollar. He later ordered a second drink and paid for it with another silver dollar.

Oreb called the police, and, while plaintiff was still at the bar, Ledbetter and Greenwood arrived at the Hawaiian Gardens in response to the call. Plaintiff saw them talking to Oreb, but they were not in uniform and plaintiff did not know they were officers. When he started to leave the place one of them asked him, "Where do you think you are going?" Plaintiff replied, "I am going home, if it is any of your business." The officer told plaintiff to step outside, saying, "You had better come with us. We have some questions to ask you." Plaintiff replied, "If you want to ask me anything you do it right in here." The officers took hold of plaintiff, and he tried to break away from them. They then announced for the first time that they were police officers, but they did not show him any credentials and there is no claim that they had a warrant.

The officers put handcuffs on plaintiff, took him to their car, which was parked nearby, and drove him to the police

station at San Pedro. He was taken by defendant officers into a room, and when they started to search him he resisted, stating that no charges had been placed against him. Plaintiff testified that Greenwood proceeded to "manhandle" him, kicked him in the groin with his knee, and struck him in the stomach and in the face.

The officers did not tell plaintiff about the burglary, or why they wanted to question him, until after he had been searched. Plaintiff was refused permission to telephone his mother or his attorney, and when he complained to the officers about the manner in which he had been treated, Greenwood told him: "If we hear any more of that out of you, we have a place to take you, and we will give you such a working over that no one will ever know you."

After plaintiff had been in the room for about three-quarters of an hour he was taken to the booking desk and placed in a cell. He was not released until more than 30 hours later, but it was stipulated at the trial that the responsibility of defendant officers ceased when plaintiff was taken to the booking desk.

In seeking a reversal of the judgments plaintiff relies on the rule that a nonsuit or a directed verdict may not properly be granted against a plaintiff when there is evidence of sufficient substantiality to support a judgment for him. In determining whether the evidence is substantial an appellate court must view it most favorably to plaintiff, drawing every legitimate inference in his favor and disregarding all conflicts. (*Milana* v. *Credit Discount Co.*, 27 Cal.2d 335, 342-343 [163 P.2d 869, 165 A.L.R. 621]; *Gish* v. *Los Angeles Ry. Corp.*, 13 Cal.2d 570, 572-573 [90 P.2d 792].) We shall first consider the propriety of the directed verdict in favor of the police officers.

The question whether the officers made an unlawful arrest, subjecting them to damages for false imprisonment, is governed by section 836 of the Penal Code, which provides, so far as pertinent here, that a peace officer may make an arrest without a warrant "3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it. . . ." Since it is undisputed that a felony was committed when silver dollars were stolen from Oreb's home (Pen. Code, §§ 17, 459-461), the liability of defendant officers depends upon whether they had reasonable cause for believing that plaintiff was the person guilty of taking the money.

■ Ordinarily a plaintiff is deemed to have established a prima facie case for false imprisonment if, as here, it appears that the defendant arrested him without a warrant. The burden then rests on defendant to plead and prove a proper justification. (*Kaufman* v. *Brown*, 93 Cal.App.2d 508, 511-513 [209 P.2d 156]; *Collins* v. *Jones*, 131 Cal.App. 747, 750 [22 P.2d 39]; see 1 Cooley on Torts [4th ed. 1932] § 112, pp. 360-361; 22 Am.Jur. 422, 427; 35 C.J.S. 591, 625; *cf. People* v. *Agnew*, 16 Cal.2d 655, 661-664 [107 P.2d 601].)

■ Defendants contend, however, that the evidence established a justification for the arrest as a matter of law. They rely on the facts that silver dollars were stolen from Oreb's home, that plaintiff had spent silver dollars at the bar in the Hawaiian Gardens, and that plaintiff refused to answer their questions and resisted arrest.

The mere fact that plaintiff spent two silver dollars did not justify the arrest. These dollars were not identified as part of those taken from Oreb's home, there is testimony that silver dollars were occasionally received in the area, and there is nothing to indicate that they appeared so infrequently in San Pedro that plaintiff's possession of some of them established reasonable cause for believing that he had stolen the money from Oreb's home.

Plaintiff's refusal to answer questions and his resistance when he was taken into custody likewise do not show reasonable grounds for believing him guilty of the felony, because, according to his testimony, the officers were not in uniform, they displayed no credentials, and plaintiff did not know they were officers. Also the officers did not comply with section 841 of the Penal Code, which requires the person making an arrest to inform the person "to be arrested" of the cause of the arrest and the authority to make it. Plaintiff, of course, had no duty to answer questions of strangers who did not appear to be officers. Under such circumstances, resistance was to be expected and did not indicate guilt.

■ Accordingly, the record does not show as a matter of law that defendant officers had reasonable cause for making the arrest, and the directed verdict is erroneous since plaintiff established a prima facie case.

■ Plaintiff contends that the nonsuit as to defendant Oreb was improper, and he relies on the rule that a person who participates in an unlawful arrest, or who causes or procures or instigates it, is liable for false imprisonment. (*Collins* v. *Owens*, 77 Cal.App.2d 713, 719 [176 P.2d 372];

*Kaufman* v. *Brown,* 93 Cal.App.2d 508, 515 [209 P.2d 156]; see *Miller* v. *Fano,* 134 Cal. 103, 104 [66 P. 183]; *Frickstad* v. *Medcraft,* 100 Cal.App. 188, 194 [279 P. 840]; Prosser on Torts [1941], 72.) The cases make it clear, however, that the defendant must have taken some active part in bringing about the unlawful arrest and that he is not liable if, acting in good faith, he merely gives information to the authorities. (*Gogue* v. *MacDonald,* 35 Cal.2d 482 [218 P.2d 542]; *Miller* v. *Fano, supra,* 134 Cal. 103; *Squires* v. *Southern Pacific Co.,* 42 Cal. App. 459 [183 P. 695]; *cf. Walton* v. *Will,* 66 Cal.App.2d 509, 514 [152 P.2d 639]; see Prosser on Torts [1941], 72.) It was pointed out in the Miller case that every person is entitled to give information to the proper officers and that it would be unjust to impose liability for an honest mistake in identification even where the identification may have been the principal cause of the wrongful arrest. (134 Cal. at pp. 106-107.) Particularly pertinent with regard to what constitutes instigating or participating in an unlawful arrest is the language of *Gogue* v. *MacDonald* that where "the defendant reports the facts to a magistrate, takes no active part in the arrest but leaves the matter to the public officials and no bad faith appears, he is not liable merely because the facts he has stated to the magistrate do not constitute a public offense." (35 Cal.2d at p. 487.)

In the present case there is evidence that defendant Oreb called the police and pointed out plaintiff as the man who was spending silver dollars, but there is nothing to indicate that he gave any false information to the officers or that he took any active part in bringing about the arrest. It might be inferred that Oreb requested the officers to make an investigation, but it is clear from the cases discussed above that his conduct was not sufficient to render him liable for false imprisonment even though the subsequent arrest may have been unlawful. The nonsuit as to Oreb, therefore, was properly granted.

The judgment in favor of defendants Ledbetter and Greenwood is reversed, and the judgment in favor of defendant Oreb is affirmed. The appeal from the order denying a new trial is dismissed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.