[Crim. No. 5765.   In Bank.   Nov. 29, 1955.]

THE PEOPLE, Appellant, v. IRMA BROWN,
Respondent.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, S. Ernest Roll, District Attorney (Los Angeles), Jere J. Sullivan, Lewis Watnick and Arthur L. Alarcon, Deputy District Attorneys, for Appellant.

Charles H. Matthews for Respondent.

A. L. Wirin and Fred Okrand as Amici Curiae on behalf of Respondent.

TRAYNOR, J.—By information defendant was charged with one count of possessing heroin in violation of Health and Safety Code, section 11500, a felony. Her motion to set the information aside (see Pen. Code, § 995) was granted on the ground that all of the evidence of the crime other than admissions was obtained by an illegal search of her person in violation of her constitutional rights. The People appeal.

At about 7:30 p. m. on January 28, 1955, two deputy sheriffs of Los Angeles County parked their car at the corner of 47th Place and Avalon Boulevard. They observed defendant walk in front of their car from the southwest to the northwest corner of the intersection. She had some parcels in her right arm and a coin purse in her right hand, and her left hand was clenched in a fist. The officers left their car, and after approaching defendant from behind, one officer grabbed defendant's right wrist and the other her left wrist. They identified themselves and asked to see what she had in her left hand. She refused their request and asked them not to take her to jail but to allow her to talk to her husband. They did not inform her that she was under arrest, but one of the officers took a small rubber container from her left hand, and subsequent analysis indicated that it contained heroin. The officers took defendant to their car and talked with her. She told conflicting stories about getting the rubber container, but denied knowing that it contained heroin. After further conversation the officers took her to the county jail.

The attorney general contends that the search in this case was incidental to defendant's arrest and that if the arrest was lawful, the search was reasonable within the meaning of

the constitutional provisions. (U.S. Const., 4th and 14th Amend.; Cal. Const., art. I, § 19.)

Section 836 of the Penal Code provides: ''A peace-officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person:

''1. For a public offense committed or attempted in his presence.

''2. When a person arrested has committed a felony, although not in his, presence.

''3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

''4. On a charge made, upon a reasonable cause, of the commission of a felony by the party arrested.

''5. At night, when there is reasonable cause to believe that he has committed a felony.''

■ There was no evidence of anything apparent to the officers' senses before the arrest and search that defendant was committing or attempting to commit a public offense. The arrest, therefore, cannot be justified on the ground that an offense was being committed or attempted in their presence (*State* v. *Owens,* 302 Mo. 348 [259 S.W. 100, 101, 32 A.L.R. 383]; *Snyder* v. *United States,* 285 F. 1, 2; *State* v. *Wills,* 91 W.Va. 659 [114 S.E. 261, 264, 24 A.L.R. 1398]; *Haynes* v. *State,* 110 Tex.Crim. 553 [9 S.W.2d 1043]; *State* v. *Jokosh,* 181 Wis. 160 [193 N.W. 976, 977]; see *Taylor* v. *United States,* 286 U.S. 1, 5-6 [52 S.Ct. 466, 76 L.Ed. 951]; *Coverstone* v. *Davies,* 38 Cal.2d 315, 320-321 [239 P.2d 876]; *People* v. *Craig,* 152 Cal. 42, 46 [91 P. 997]; Rest., Torts, § 119, comment m), and the attorney general makes no contention to the contrary. Nor is there any evidence, nor is it contended, that the officers had ''reasonable cause'' to believe that defendant had committed a felony, that a charge based ''upon a reasonable cause'' had been made, or that the officers had a' warrant for defendant's arrest.

The attorney general contends, however, that since defendant was in fact guilty of a felony, the arrest was authorized by subdivision 2 of section 836 whether or not the officers had reasonable cause so to believe. He points out that subdivision 2 does not contain the reference to reasonable cause found in subdivisions 3, 4 and 5, that the legality of an arrest is governed by state law (*Johnson* v. *United States,* 333 U.S. 10, 15 [68 S.Ct. 367, 92 L.Ed. 436]; *United States* v. *Di Re,* 332 U.S. 581, 589 [68 S.Ct. 222, 92 L.Ed. 210]), and that

a reasonable search without a warrant incident to a lawful arrest is not unlawful (*Harris* v. *United States,* 331 U.S. 145, 150-151 [67 S.Ct. 1098, 91 L.Ed. 1399]; *United States* v. *Rabinowitz,* 339 U.S. 56, 60-64 [70 S.Ct. 430, 94 L.Ed. 653]), and concludes that defendant's guilt therefore justified the arrest and search. We cannot agree with this conclusion.

It should be noted at the outset that the legality of an arrest is not necessarily determinative of the lawfulness of a search incident thereto. Just as some searches may be reasonable and hence lawful in the absence of a warrant or an arrest (*Carroll* v. *United States,* 267 U.S. 132, 153 [45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790]), others may be unreasonable and hence unlawful although incident to a lawful arrest. (*United States* v. *Lefkowitz,* 285 U.S. 452, 463-467 [52 S.Ct. 420, 76 L.Ed. 877, 82 A.L.R. 775]; *Go-Bart Importing Co.* v. *United States,* 282 U.S. 344, 356-358 [51 S.Ct. 153, 75 L.Ed. 374]; see *Harris* v. *United States, supra,* 331 U.S. 145, 153.) Accordingly, the question presented is not whether the arrest of a guilty felon is lawful in the absence of reasonable cause for the officer to believe him guilty, but whether the search incident to the arrest is reasonable, and it is therefore unnecessary to determine whether a requirement of reasonable cause applies by implication to subdivision 2 of section 836.*

The United States Supreme Court has consistently held that a search, whether incident to an arrest or not, cannot be justified by what it turns up. (*Johnson* v. *United States, supra,* 333 U.S. 10, 16-17; *United States* v. *Di Re, supra,* 332 U.S. 581, 595; *Lustig* v. *United States,* 338 U.S. 74, 80 [69 S.Ct. 1372, 93 L.Ed. 1819]; *Byars* v. *United States,* 273 U.S. 28, 29 [47 S.Ct. 248, 71 L.Ed. 520]; see also *Hernandez* v. *United States,* 17 F.2d 373; *Snyder* v. *United States, supra,* 285 F. 1, 3; *Poldo* v. *United States,* 55 F.2d 866, 869; *Allen* v. *State,* 183 Wis. 323, 333-334 [197 N.W. 808, 39 A.L.R. 782]; *State* v. *Pluth,* 157 Minn. 145 [195 N.W. 789, 792]; *Keith* v. *State,* 30 Okla.Crim. 168 [235 P. 631, 633]; *People* v. *Stein,* 265 Mich. 610 [251 N.W. 788, 790, 92 A.L.R. 481]; *Smith* v. *State,* 109 Tenn. 633 [90 S.W.2d 523, 524]; *Morgan* v. *State,* 197 Ind. 374 [151 N.E. 98, 100]; *People* v. *Henneman,* 373 Ill. 603 [27 N.E.2d 448, 449]; *State* v. *Miles,* 29

---

*This question would be presented directly if a guilty felon sued an officer for false arrest on the ground that the officer had no reasonable cause to believe him guilty (see Rest., Torts, § 119, comment g), or sought to justify resisting arrest on the same ground. (See *State* v. *Nolan,* 354 Mo. 980 [192 S.W.2d 1016, 1019-1022].)

Wn.2d 921 [190 P.2d 740, 745]; *State* v. *George,* 32 Wyo. 223 [231 P. 683, 689]; *State ex rel. Thibodeau* v. *District Court,* 70 Mont. 202 [224 P. 866, 870]; *Aitken* v. *White,* 93 Cal. App.2d 134, 145 [208 P.2d 788], semble; *Cook* v. *Singer Sewing Machine Co.,* 138 Cal.App. 418, 422 [32 P.2d 430], semble; contra: *State* v. *Williams,* 328 Mo. 627 [14 S.W.2d 434, 435-436].) ■ If, therefore, it is necessary to rely on the search to justify the arrest, the conclusion is inescapable that a search that cannot be justified by what it turns up cannot justify the arrest. ■ Moreover, whether or not the arrest of a guilty defendant is lawful, it is clearly unreasonable if the officer has no "reasonable cause" to believe the defendant guilty, and a search incident thereto can be no more reasonable than the arrest itself.

To accept the attorney general's contention would defeat the purpose of the constitutional provisions prohibiting unreasonable searches and seizures and destroy the efficacy of the exclusionary rule in many felony prosecutions. Officers would be free to arrest and search anyone, however innocent, in the hope that the search would justify the arrest. ■ "[T]he constitutional provisions make no distinction between the guilty and the innocent, and it would be manifestly impossible to protect the rights of the innocent if the police were permitted to justify unreasonable searches and seizures on the ground that they assumed their victims were criminals. Thus, when consideration is directed to the question of the admissibility of evidence obtained in violation of the constitutional provisions, it bears emphasis that the court is not concerned solely with the rights of the defendant before it, however guilty he may appear, but with the constitutional rights of all of the people to be secure in their homes, persons, and effects." (*People* v. *Cahan,* 44 Cal.2d 434, 439 [282 P.2d 905].) ■ In the light of these considerations we adopted the exclusionary rule "because other remedies have completely failed to secure compliance with the constitutional provisions on the part of police officers with the attendant result that the courts under the old rule have been constantly required to participate in, and in effect condone, the lawless activities of law enforcement officers." (44 Cal.2d at p. 445.) We were fully aware that in its immediate operation the exclusionary rule would permit guilty persons to escape punishment, but were convinced that it was necessary to secure respect by law enforcement agencies of constitutional guarantees. It would fail of its purpose, if in the only area

of its effective operation it could be defeated because the arresting officer guessed correctly in making an arrest.

The order is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Schauer, J., Spence, J., and McComb, J. pro tem.,* concurred.

Appellant's petition for a rehearing was denied December 28, 1955. McComb, J. pro tem.,* participated therein in place of Edmonds, J. Shenk, J., and Spence, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.