[Crim. No. 6071.   Second Dist., Div. One.   Jan. 6, 1958.]

THE PEOPLE, Appellant, v. ROBERT ANGELO HANLEY et al., Respondents.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, William B. McKesson, District Attorney (Los Angeles), Jere J. Sullivan, Fred N. Whichello, Lewis Watnick, and Robert Lederman, Deputy District Attorneys, for Appellant.

Ellery E. Cuff, Public Defender (Los Angeles), and J. Raymond Cullum, Deputy Public Defender, for Respondents.

DRAPEAU, J.*—Three men were charged in an information filed by the District Attorney of Los Angeles County with possession of marijuana.   (Health & Saf. Code, § 11500.)

*Assigned by Chairman of Judicial Council.

The superior court dismissed the information, under the provisions of section 995 of the Penal Code.

The People appeal from the order.

The facts shown in the preliminary examination are as follows:

Police officers of the city of Long Beach searched an automobile and three men in it. The automobile had stopped at the entrance to the air force base in that city, "to let two people out." The officers found marijuana in a paper sack in the pocket of Simmons' coat, one of the defendants; marijuana was brushed from the coat of defendant Vildosola at the police station later on; and marijuana was found on the floor board of the automobile, which was driven by defendant Hanley.

Hanley told the arresting officers that he and the other two men had planned to go to Los Angeles, where Vildosola was to get a can of marijuana for $10; that they went to Los Angeles in his car, and after two or three hours Vildosola got the marijuana; and that when they were arrested they were on their way to the barracks at the air base to roll some marijuana cigarettes.

So we come to the decisive question on this appeal: Was the evidence supporting the foregoing facts incompetent because it was obtained by unlawful search and seizure of the automobile and of the three defendants? Or, stated another way: Did the officers have reasonable cause to believe defendants were guilty of a felony, to justify arresting them, searching them and their automobile?

The facts bearing upon this question are as follows:

The officers had no warrants for the arrest of any defendant, and no warrant to search the automobile.

Prior to the night of the arrest an informer had called a police officer in the police station in Long Beach, and told him that the three defendants had smoked marijuana on occasions at the B.O.Q. barracks, and had been to Los Angeles to get narcotics.

On the night of the arrest the informer called the same officer and told him, "they were going to go to Los Angeles to score narcotics and return to the Air Base with it;" that the car they were using was a "50 Ford two-door sedan, yellow in color;" that the name of the driver was Hanley; that another man was known as Al, and the other one as John. The informer said, "John was a Mexican fellow," and described

him; that Al was a civilian he thought, and Hanley was an air force man. The informer was in the air force stationed at the air base.

This information was given to one of the arresting officers by the officer who had been given it.

The arresting officers arrived at the air base about 9 o'clock in the evening.

One of them (Faulkner) testified: "First person we contacted was an airman 3d class. I can't give his name. He is on duty there at the Air Base. He was on duty and we asked him if the described car had left the Base. He stated yes. We asked him if he knew the defendants that were in the car. He said yes. I described the car to him. He knew all about it. He then contacted the officer of the day and he came over and we waited with him."

The yellow Ford showed up about 1:30 in the morning. When it stopped the officers surrounded it, and made the arrests.

This court has concluded that there was reasonable cause for the arrests and searches.

■ Summed up, reasonable cause means such a state of facts as would lead a man of ordinary caution to believe, and conscientiously entertain a strong suspicion, that a person is guilty of a crime. (*People* v. *Brite,* 9 Cal.2d 666, 687 [72 P.2d 122].)

■ Our Supreme Court has said in *Willson* v. *Superior Court,* 46 Cal.2d 291, 294 [294 P.2d 36], that an arrest should not be made solely upon information provided by an anonymous informer. But in this case the informer was not anonymous. He identified himself to the officer to whom he gave the information. His name was known to the arresting officers. As in the Willson case the defendants were engaged in commission of a crime. They made no outcry or objection when they were arrested. Moreover, we are of the opinion that there is a material distinction between arresting persons in automobiles and in arresting persons in the sanctity of their homes. (See *People* v. *Borbon,* 146 Cal.App.2d 315, 319 [303 P.2d 560].)

Finally, the officers observed one of the defendants putting something into the glove compartment of the automobile, and when they looked in the car marijuana was in plain view on the floor board. ■ As was said in *People* v. *Blodgett,* 46 Cal.2d 114, at page 117 [293 P.2d 57]: "There is nothing unreasonable in an officer's questioning persons

outdoors at night . . . and in view of the hour and the unusual conduct of the occupants of the cab it was not unreasonable for the officers to order them out of the cab for questioning. . . . and the search of the cab was therefore reasonable." (Also see *Badillo* v. *Superior Court,* 46 Cal.2d 269 [294 P.2d 23].)

A recent Supreme Court case has stated:

"Not only was the trial court mistaken in the stated belief that if a defendant was illegally arrested 'there was no question to be presented to the jury'; it was also mistaken in its suggestion that where an officer has reasonable cause to believe that a defendant has committed a felony he cannot properly arrest the defendant, at night, without a warrant. (Pen. Code, § 836 ['A peace-officer may . . ., without a warrant, arrest a person: . . . 5. At night, when there is reasonable cause to believe that he has committed a felony'].)" (*People* v. *Valenti,* 49 Cal.2d 199, 203 [316 P.2d 633].)

The judgment is reversed.

White, P. J., and Fourt, J., concurred.