[Crim. No. 3263. Third Dist. Mar. 19, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JACK LEE REECE, Defendant and Appellant.

Earl Warren, Jr., under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Nat Agliano, Deputy Attorney General, for Plaintiff and Respondent.

PEEK, P. J.—By indictment, defendant and appellant Reece, together with codefendants Harrell and Williams, were charged with eight counts of burglary. All were jointly charged in counts one, two, three, and four. Reece and Williams were jointly charged in counts five and six. Williams alone was charged in count seven, and Harrell alone in count eight. The amendment charged Reece and Harrell each with a prior conviction of burglary, and Williams with four prior convictions involving burglary and robbery.

All entered pleas of not guilty. Reece and Harrell denied the priors charged, but Williams admitted those charged against him. At the conclusion of the case for the prosecution, the court granted the motion of the district attorney to dismiss count four. The jury found Reece guilty of burglary in the second degree, as charged in counts one, two, three, and six, and not guilty as to count five. Harrell was found guilty as charged in counts two, three and eight, and Williams guilty as charged in counts one, two, three, five, six, and seven. Defendants' motions for a new trial were denied and judgment of conviction was entered.

Thereafter, Reece and Harrell filed their notices of appeal from the judgment and order. No appeal was taken by Williams. Pursuant to the requests of Reece and Harrell, counsel was appointed to represent them on appeal. Subsequently, the appeal of Harrell was dismissed at his request. We are therefore only concerned with the appeal of Reece.

A fourth participant, one McQuillan, testified for the prosecution and was not charged. His testimony concerning the counts in which Reece was involved was that he and the defendants burglarized certain model homes in the Sacramento area, from which two electric refrigerators and a radio were taken; that they also burglarized the offices of a tire company and a lumber company from which articles, including a television set and several chests of tools, were taken; that in each instance Reece remained outside as a lookout; that the items which were stolen were then transported by Reece in his pickup truck; that some of the articles were placed in a garage under the apartment where Williams lived, and other items were stored in a second garage which had been rented

by Williams; and that he and each of the defendants had a key to the second garage.

Other witnesses testified to the purchase of appliances stored in the garage under Williams' apartment and that on at least one occasion, Reece was seen there while a purchase was being made. There was further evidence that the truck owned by Reece was seen on a parking lot adjacent to Williams' apartment for a period of approximately two weeks. Another witness testified to a conversation in her apartment in which she heard Reece and Harrell discuss selling some refrigerators.

At the time of his arrest, Reece was in the company of Williams. When searched by police officers, two keys were found on his person which were subsequently found to fit the padlock on the door of the garage previously rented by Williams. In the garage, officers found the tool chests which had been taken in one of the burglaries. When first questioned by the officers, Reece refused to give his address and exemplars of his handwriting. He denied any knowledge of the burglaries or of the articles taken; however, he admitted ownership of a Ford pickup truck. During a later questioning by officers, he stated: "I don't know what to tell you. I'm afraid of implicating myself. I know I'm involved because I was. with Herky [Williams]. . . . If I tell you guys anything it just involves me deeper. If you will give me a break I'll come clean with you." He did not testify at the trial.

His contentions on appeal are: (1) that the evidence in corroboration of the testimony of the accomplice McQuillan concerning taking, storing, and selling the stolen articles not only was insufficient; but (2) that it was the product of unreasonable search and seizure and, therefore, should not have been admitted over the objection of defendant's counsel.

 It is true that to make a case the prosecution, to a large exent, relied upon the testimony of the accomplice, McQuillan. It is also true that the role Reece played in the burglaries was primarily that of a lookout and the hauler of the articles taken; and, therefore, to establish a case against him it was necessary to connect him with the truck. The particular testimony which he attacks was given by one of the arresting officers, who testified to seeing a certificate of ownership on the seat of the truck which gave defendant's name as owner. Assuming, but definitely not concluding, that the officer's testimony concerning the registration certificate was

improperly admitted, the error, if any, would appear to have been wholly immaterial and certainly far less damaging than defendant's own testimony in which he acknowledged to the officers the ownership of the truck. Also, there was the additional testimony that the truck was seen parked on a lot adjacent to the garage where Williams lived where most of the stolen articles were stored, and that defendant had been seen in the garage by a person who was buying one of the stolen refrigerators. There was also the further testimony regarding a conversation between Reece and Harrell where mention of selling refrigerators was made, and of his acquaintance and association with his codefendants, Harrell and Williams.

Defendants second contention is similar to the first, except that it relates to the keys taken from his person. It is his argument that although the right to search the person arrested, as well as his home or place of business (*United States* v. *Rabinowitz,* 339 U.S. 56 [70 S.Ct. 430, 94 L.Ed. 653]), is an incident of lawful arrest, nevertheless, the test of such right is one of reasonableness under the particular circumstances (*People* v. *Coleman,* 134 Cal.App.2d 594 [286 P.2d 582]); that the right to search premises must be contemporaneous with the arrest, and must be confined to premises adjacent to the arrest; and that in any event, the officers entered the garage without a search warrant.

A similar contention was made in *People* v. *Cicchello,* 157 Cal.App.2d 158 [320 P.2d 528]. There the police had placed defendants' apartment under observation for illegal bookmaking. The defendants were arrested in a car some distance from the apartment. Following the arrest, the officers went to the apartment, entered by means of a key taken from one of the defendants, and obtained evidence relating to the offense. The court noted that had the defendants been arrested on the premises the officers' right to search the premises could not be questioned. The fact that the arrest occurred some distance away afforded no ground for a "tenable distinction." (P. 162.)

Here, the arrest and search were similarly parts of a single, continuous transaction. The officers, upon discovering the key in appellant's pocket, went directly to the garage where the stolen goods were located. Furthermore, the record is wholly barren of any evidence as to whether or not the officers had a search warrant to enter the garage. At the time the officers were being questioned, defendant's trial counsel con-

cerned himself solely with the legality of the arrest and the reasonableness of the search of appellant's person which produced the keys. No question was asked as to whether the officers had a warrant to search the garage. Having failed to elicit any evidence concerning a search warrant, it will be presumed that the officers regularly and lawfully performed their duties, and that the trial court properly admitted the evidence. (*Badillo* v. *Superior Court*, 46 Cal.2d 269 [294 P.2d 23].)

The judgment and order are affirmed.

Schottky, J., and Pierce, J., concurred.