[Crim. No. 1666.   Fourth Dist.   Jan. 19, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. GRADY JENNINGS et al., Defendants and Appellants.

Lang, Hall & Gordon and James A. Gordon, Jr., for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), J.—On November 6, 1963, Border Patrol Officer Burrell was stationed on the Barcelona Road overpass crossing U.S. Highway 101 south of an immigration check point at San Mateo Plats (about 70 miles from the Mexican border). A report had been received of a possible illegal entry from Mexico and Burrell was assigned to watch for cars turning around to avoid the check point. About 3:50 a.m. the officer stopped the defendants, Grady Jennings, Albert De Celles and Steven Bradley, driving west across the overpass. The officer identified himself and when he was informed they were going to San Diego he permitted them to pass. As he watched the car head south on Highway 101, his suspicions were aroused when it made a U-turn. This information was radioed to Officer Crawford at the check point. Crawford stopped the vehicle and asked the driver, Jennings, to open the trunk; at the same time he questioned De Celles and Bradley about their citizenship. In plain sight in the trunk were many new men's suits bearing Town and Campus labels and price tags. More clothing was readily visible in the back seat.

Jennings' explanation of the clothing was unsatisfactory, the others gave conflicting stories, so the officer detained the defendants and notified the San Diego Sheriff's Department. The defendants were later arrested and charged with burglary.

The Town and Campus Men's Store in Encinitas had been burglarized that night and the clothing was identified as the stolen goods. During the trial the clothes were admitted as evidence. This appeal questions their admissibility.

The defendants contend their arrest without a warrant was not justified, making inadmissible the evidence obtained.

A search of a vehicle moving on a public highway is justified "if probable cause for the search exists, i.e., facts sufficient to warrant a man of reasonable caution in the belief that an offense is being committed." (*Fernandez* v. *United States*, 321 F.2d 283, 286-287.) An arrest without a warrant is justified when a public offense is committed in his presence or when the arresting officer has reasonable cause to believe that the person arrested has committed a felony. (Pen. Code, § 836.)

"Reasonable cause has been generally defined to be such a state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime." (*People* v. *Ingle*, 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577].)

The defendants' automobile was searched and they were arrested without a warrant. The burden therefore was with the prosecution to show justification. (*Badillo* v. *Superior Court*, 46 Cal.2d 269, 272 [294 P.2d 23].)

The defendants argue they were constructively arrested before the officer discovered the stolen goods in the trunk. At this time, they contend, the only evidence supporting a determination of probable cause was the U-turn on Highway 101 toward the check point, which they say is insufficient justification for their arrest.

The record supports a determination, however, that they were arrested after the officer had searched the car. The real issue, therefore, is the question of whether the officer had probable cause to stop and search the car.

The United States Code (8 U.S.C. § 1357a(3)) and the government regulations (8 C.F.R. 90, Immigration Regs. § 287.1) authorize immigration officers within a reasonable distance (100 miles) from any external boundary to search vehicles for aliens. At the time the defendants were stopped

the officers had a report of a recent illegal entry and their suspicions were reasonably aroused by the change of direction of the automobile. The trunk of the car was the logical place to inspect for illegal entrants. ▓ The officer was not required to blind himself to the plainly visible large quantity of men's clothing marked with price tags. (*United States* v. *Lefkowitz,* 285 U.S. 452 [52 S.Ct. 420, 76 L.Ed. 877, 82 A.L.R. 775]; *People* v. *Roberts,* 47 Cal.2d 374, 379 [303 P.2d 721].) ▓ Coupling these circumstances with the further suspicions created by defendants' unsatisfactory and conflicting explanations justified their later arrest.

Judgment affirmed; attempted appeal from order denying new trial dismissed.

Griffin, P. J., and Coughlin, J., concurred.