■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLAUDE MULLGRAV, Also Known as CLAUDE DENNIS MULLGRAV, and LIONEL MULLGRAV, Also Known as LIONEL CECIL MULGRAV, JR., Appellants.— Appeal by defendants from judgments of the Supreme Court, Queens County, rendered March 28, 1963 after a jury trial, convicting them of burglary in the third degree and grand larceny in the first degree, and imposing sentence. Defendants also bring up for review, as permitted by statute (Code Crim. Pro., § 813-c), an order of the same court, dated November 30, 1962, denying their motion to suppress evidence which they alleged had been illegally seized. Order reversed, on the law and the facts, and action remitted to the Criminal Term, Supreme Court, Queens County, for a further hearing on the motion to suppress and for further proceedings in accordance herewith. Pending such further hearing and proceedings, the determination of the appeal from the judgments of conviction will be withheld. Defendants' conviction was based, in large part, on their possession of a quantity of stolen articles, which were found in the room rented by them in a private dwelling. Those articles were admitted in evidence at the trial, following the denial of defendants' motion to suppress. It appeared from the testimony at the hearing on the motion to suppress that a police officer, without a search warrant, visited the premises where defendants had their room; that their landlady pointed out defendants' room to the officer; that he observed the stolen articles in the room; and that defendants did not appear at the premises and were not questioned or arrested until several hours thereafter. The principal factual question presented on the hearing was whether the door to defendants' room was open when the officer arrived and when he observed the articles from the hall without entering the room, as the officer testified; or whether the door was opened for him by the landlady, as defendants contended.

In the former event, there would have been no illegal search and seizure (*Davis* v. *United States,* 327 F. 2d 301, 305). In the latter event, the search and seizure would have been unlawful (cf. *Stoner* v. *California,* 376 U. S. 483, 488–490; *People* v. *Malinsky,* 15 N Y 2d 86, 91). The court, however, made no finding on that issue but held, in effect, that the search and seizure were proper as incident to a lawful arrest. It is our opinion that the search and seizure may not be sustained on the ground stated. "The search cannot be justified as incident to a lawful arrest, for it was commenced several hours before defendant * * * was arrested. As * * * stated in *Loria* * * * [*People* v. *Loria,* 10 N Y 2d 368, 373], quoting from *United States* v. *Di Re* (332 U. S. 581, 595), a search '"is good or bad when it starts and does not change character from its success"'. (See, also, *Byars* v. *United States,* 273 U. S. 28, 29.) * * * The subsequent arrest, based as it was, in part, upon an illegal seizure, cannot be the basis of a search incident to a lawful arrest (*Johnson* v. *United States,* 333 U. S. 10, 16); the arrest 'must be validated without any resort to the fruits of the search' (*United States* v. *Walker,* 246 F. 2d 519, 525; *Lee* v. *United States,* 232 F. 2d 354, 355). 'If, therefore, it is necessary to rely on the search to justify the arrest, the conclusion is inescapable that a search that cannot be justified by what it turns up cannot justify the arrest' (*People* v. *Brown,* 45 Cal. 2d 640, 644)." (*People* v. *O'Neill,* 11 N Y 2d 148, 153; see, also, *People* v. *Loria,* 10 N Y 2d 368, 373; *People* v. *Malinsky,* 15 N Y 2d 86, 95, *supra*). It is also our opinion that probable cause for the arrest without a warrant was not supplied by information received by the police officer indicating that defendants had committed a different crime, as the officer "acted on untested information from a person whose reliability was not otherwise confirmed" (*People* v. *Santiago,* 13 N Y 2d 326, 332; see, also, *Wong Sun* v. *United States,* 371 U. S. 471, 479–482; cf. *People* v. *Malinsky,* 15 N Y 2d 86, 91, *supra*). Under the circumstances, it is our opinion that the crucial question on the motion to suppress was whether the observation of the stolen property in defendants' room was made by the officer from the hall, through a door which he had found open, or whether the door had been opened for him by defendants' landlady. Since the court made no finding on that question, there should be a new hearing, upon which all the available and relevant facts should be adduced and a determination made by the court *de novo,* stating the facts found (cf. *People* v. *Lombardi,* 18 A D 2d 177, affd. 13 N Y 2d 1014). Within 20 days after the trial court's decision, a supplemental record, consisting of the typewritten transcript of the stenographic minutes of the hearing and of the court's decision and findings, should be filed and served by the District Attorney. Within 20 days thereafter, defendants shall file six copies of their typewritten supplemental brief and serve one copy on the District Attorney; and within 30 days thereafter the District Attorney shall file his supplemental brief. Reargument, limited to the issues presented on the hearing, will be allowed if requested by any party within 30 days after the filing of the supplemental record. Determination of the appeal from the judgments of conviction will be held in abeyance pending the hearing and the further proceedings above mentioned. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.