THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS WILLIAMS, Appellant.

First Department, December 21, 1965.

*Alison Morey Barden* for appellant.

*John A. K. Bradley* of counsel (*Michael Juviler* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

BOTEIN, P. J. Defendant was convicted, after trial, of the crimes of felonious possession of narcotic drugs with intent to sell, unlawful possession of a narcotic drug, and criminally possessing a pistol as a felony. Drugs and pistol were ruled admissible in evidence, over adequate objection that the police obtained them illegally; and the correctness of the ruling is the issue on this appeal.

The People's case may be summarized as follows. Acting on information, not disclosed in the present record, which led them to believe that defendant possessed narcotics, three police officers went to the apartment building in which he resided. While Patrolman Gustitus stationed himself in an adjoining yard, Detectives Cregan and Neilsen took an elevator to the third floor in order to enter an apartment on that floor in which they had been told defendant rented a room next to the kitchen. The apartment had been designed originally for occupancy by one family but had been converted into a form of occupancy under which the three rooms of the apartment had each been let to a separate tenant. Facilities such as the kitchen were used by all the tenants in common.

The two detectives testified that they found the outer door of the apartment ajar "maybe 8 inches to a foot" and entered without prior announcement of any kind. Cregan crossed the small common hallway of the apartment into the kitchen, displayed his shield to two women there, opened the kitchen window and looked toward Gustitus in the yard below. Neilsen placed himself in the common hallway in front of the door of the room rented to defendant, "let some time elapse," and then knocked on the door and called out, "This is the police." Defendant opened the door but before doing so threw a bag out of the window of his room into the yard. Gustitus caught the bag, found in it a large number of glassine envelopes containing a white powder (proven at the trial to be heroin), joined his associates in defendant's room and showed them the contents of the bag. Neilsen then told defendant he was under arrest. A search of the room followed and turned up a pistol and a clip loaded with live ammunition. Defendant admitted to the officers that the gun and ammunition were his but denied throwing the

bag out of the window and claimed that he knew nothing about the bag.

Suppression of the narcotics and the gun as evidence seems to us to be required on these facts. Entry into the apartment was made without authority of any form of warrant or the sanction of exceptional exigencies or circumstances, and at the time of entry probable cause for an arrest was undeniably nonexistent on the record as it now stands. The apartment was an area constitutionally protected against intrusion notwithstanding that defendant shared it with others (*McDonald* v. *United States,* 335 U. S. 451; *Brown* v. *United States,* 83 F. 2d 383, 385; *Work* v. *United States,* 243 F. 2d 660; cf. *United States* v. *Jeffers,* 342 U. S. 48; *Jones* v. *United States,* 362 U. S. 257, 265–267); and the intrusion by persons who were not guests of any of the tenants was not less improper because the door was partly open (*Nueslein* v. *District of Columbia,* 115 F. 2d 690, 691; *United States* v. *Price,* 345 F. 2d 256, 259, note 6; *People* v. *Haven,* 59 Cal. 2d 713; see *Hair* v. *United States,* 289 F. 2d 894, 897; *Silverman* v. *United States,* 365 U. S. 505, 512; cf. *People* v. *Viola,* 264 App. Div. 38, 40). The connection between the unlawful entry and the discovery of the challenged evidence is too direct to be disregarded (*People* v. *Loria,* 10 N Y 2d 368; *Badillo* v. *Superior Court,* 46 Cal. 2d 269; *State* v. *De Grazio,* 39 N. J. 268; *McDonald* v. *United States, supra*).

The judgment of conviction should be reversed on the law only and a new trial ordered.

BREITEL, VALENTE, McNALLY and STEVENS, JJ., concur.

Judgment of conviction unanimously reversed upon the law only, and a new trial ordered.