[No. A016529. First Dist., Div. Four. Jan. 5, 1983.]

MAURICE DARNELL JETER, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent,
THE PEOPLE, Real Party in Interest.

■■■■■■■■■■■■

■■■■■■■■■■■■

COUNSEL

Marvin Rous for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein; Assistant Attorney General, Ronald E. Niver and John H. Sugiyama, Deputy Attorneys General, for Real Party in Interest.

OPINION

POCHÉ, J.—By petition for writ of prohibition (Pen. Code, § 999a),[1] Maurice Jeter challenges the admission of certain evidence at his preliminary hearing alleging that the evidence was the product of an improper entry into his home to execute a search warrant.

Testimony at the preliminary hearing revealed that Officer Munoz, accompanied by four other police officers, arrived at 1224 Fruitvale Avenue about 11 a.m. on July 30, 1981, to serve a search warrant. No surveillance of the premises was undertaken. The officers drove up and parked. Then Officer Munoz knocked on the front door and yelled, "police officers, we have a search warrant." He waited a "few seconds" and knocked and yelled again. After waiting "five or ten seconds," he turned the handle and pushed open the door. Upon entering the residence he saw petitioner and Mr. Brown in a sleeping loft: petitioner was sitting on the bed unclad and Brown was asleep.

Evidence seized in the ensuing search was admitted over objection at the preliminary hearing. The magistrate ruled that there had been a reasonable and proper entrance. The superior court denied petitioner's motion to set aside the information pursuant to section 995 and petitioner filed a timely petition for writ of prohibition with this court. (See § 999a.)

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

■ Section 1531 permits an officer executing a search warrant to break into the premises only if he is refused admission after announcing "his authority and purpose." Even where the police duly announce their identity and purpose, forcible entry is not permitted under the statute if the occupants of the premises are not first given an opportunity to surrender the premises voluntarily. (*People v. Abdon* (1972) 30 Cal.App.3d 972, 976-977 [106 Cal.Rptr. 879].) Petitioner here did not refuse permission, but the People, citing *People v. Elder* (1976) 63 Cal.App.3d 731 [134 Cal.Rptr. 212], contend that the police officers could have reasonably inferred a refusal from the failure of anyone to respond to their knock within 20 seconds.

In *Elder,* the court upheld a forcible entry to execute a search warrant for evidence of a bookmaking operation. The plan in executing the warrant was that a call would be made placing a bet and the entry would be timed so as to both serve the search warrant and effect the arrest of the person taking the bet on the telephone. The police waited 20 seconds after knocking and announcing their authority before opening the door and entering the residence. The reviewing court, while acknowledging that 20 seconds would not be sufficient in all cases, reasoned that it was sufficient in that case: "Silence for 20 seconds *where it is known that someone is within the residence* suggests that no one intends to answer the door. Twenty seconds of silence may be sufficient in one case and insufficient in another. Other than the question of waiting only 20 seconds, there was full compliance with section 1531. It is our conclusion that under the circumstances of this case, silence for 20 seconds reasonably allowed the officer to conclude that his demand for admittance was being declined. *This is particularly true in light of the fact the officer knew at that time that a crime was being perpetrated inside the residence."* (*People v. Elder, supra,* 63 Cal.App.3d at p. 739; italics added.)

Citing *Elder* the court in *People v. Gallo* (1981) 127 Cal.App.3d 828 [179 Cal.Rptr. 662], upheld a search where the police waited 30 seconds. "[T]he officer not only knew someone was in the house but could see them, and was clearly visible to them through the screen door." (At p. 839.)

Thus, in both *Elder* and *Gallo* the police had first-hand concrete knowledge that someone was in the residence and was awake: in *Elder* the police had the residents on the phone, and in *Gallo* they had them in view. With such information it was not unreasonable for the officers in the *Elder* and *Gallo* situations to conclude that a failure to respond to their knocking and announcing of purpose was a refusal of permission to enter. Such situations bear no resemblance— except for the shortness of time—to the case at hand in which the officers had no information whatsoever upon which to base a belief that they were being refused entry.

In *Duke* v. *Superior Court* (1969) 1 Cal.3d 314, 325 [82 Cal.Rptr. 348, 461 P.2d 628], the California Supreme Court makes clear that an entry effected in violation of the knock and notice requirements of section 1531 renders any subsequent search and seizure unreasonable within the meaning of the Fourth Amendment of the Constitution of the United States and thus requires the exclusion of the evidence obtained under *Mapp* v. *Ohio* (1961) 367 U.S. 643, 660 [6 L.Ed.2d 1081, 1093, 81 S.Ct. 1684, 84 A.L.R.2d 933]. Since the court rested its holding in *Duke* not on the California Constitution but solely upon the Fourth Amendment to the United States Constitution, the holding is not affected by article I, section 28, subdivision (d) recently added to the California Constitution. That addition, with exceptions not relevant here, provides that "relevant evidence shall not be excluded in any criminal proceeding . . . ." To pass muster under the supremacy clause of the United States Constitution this provision must be interpreted as not attempting to modify the binding effect of federal constitutional decisions affecting the admissibility of evidence such as *Mapp* v. *Ohio, supra,* 367 U.S. 643. Article I, section 28, subdivision (d) does not purport to repudiate *Mapp.*

There was no evidence against petitioner presented at the preliminary hearing except for evidence arising from the search of his house. A writ of prohibition is thus an appropriate remedy. (*Rogers* v. *Superior Court* (1955) 46 Cal.2d 3, 6-7 [291 P.2d 929]; see also *Badillo* v. *Superior Court* (1956) 46 Cal.2d 269, 271 [294 P.2d 23].)

Let a peremptory writ issue restraining respondent court from taking any further proceedings in superior court action No. 73591, People v. Jeter, except: (a) to vacate its order of March 5, 1982, denying petitioner's motion to set aside the information and (b) to grant such motion.

Rattigan, Acting P. J., and Christian, J., concurred.