[No. G006330. Fourth Dist., Div. Three. Mar. 8, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE JAMES UHLER, Defendant and Appellant.

**COUNSEL**

William K. Gamble for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**CROSBY, J.**—George Uhler pleaded guilty to possessing marijuana for sale but contends the contraband was unlawfully seized. We find the officer substantially complied with the knock-notice provisions of Penal Code section 1531 and suppression would not be available in any event because compliance was excused under the federal "useless gesture" exception.

I

On the afternoon of September 23, 1986, Newport Beach officers went to George Uhler's residence to execute a search warrant. Officer David Byington, dressed in a marked police raid jacket, approached the front entry and displayed his badge through a closed screen door. Three people were seated on a couch inside, and Byington believed at least two made eye contact with him as he announced his identity and possession of the warrant. He demanded entry; but without waiting for a response, the officer opened the screen door, entered, and ordered everyone to remain seated. No other persons were in the house, but the officers found 150 pounds of marijuana in

one of the bedrooms. At the hearing on the defense motion to suppress the contraband, Byington did not explain his failure to give the occupants an opportunity to admit him.

## II

Penal Code section 1531 authorizes a police officer's entry into a residence to execute a search warrant "if, after notice of his authority and purpose, he is refused admittance." Although compliance may be excused by exigent circumstances (see *United States* v. *McConney* (9th Cir. 1984) 728 F.2d 1195, 1206; *People* v. *Neer* (1986) 177 Cal.App.3d 991, 995 [223 Cal.Rptr. 555]), no such claim is made here. ■ Section 1531 is of common law origin and constitutional dimension. Absent exigent circumstances, the Fourth Amendment and article I, section 13 of the California Constitution are generally violated when officers force entry without allowing the occupants the opportunity to admit them. (See *Greven* v. *Superior Court* (1969) 71 Cal.2d 287 [78 Cal.Rptr. 504, 455 P.2d 432] [wait of 10 to 15 seconds]; *People* v. *Neer, supra* [no time lapse]; *Jeter* v. *Superior Court* (1983) 138 Cal.App.3d 934 [188 Cal.Rptr. 351] [five or ten seconds' delay]; *People* v. *Abdon* (1972) 30 Cal.App.3d 972 [106 Cal.Rptr. 879] [six seconds' wait]; *Garcia* v. *Superior Court* (1973) 29 Cal.App.3d 977 [106 Cal.Rptr. 98] [officers "rushed" in when a young child answered the door]; cf. *People* v. *Gallo* (1981) 127 Cal.App.3d 828 [179 Cal.Rptr. 662] [30 seconds sufficient].) ■ Case law has interpreted section 1531 to apply to open doors and screen doors through which the occupants are visible. (*People* v. *Bradley* (1969) 1 Cal.3d 80 [81 Cal.Rptr. 457, 460 P.2d 129]; *People* v. *Rosales* (1968) 68 Cal.2d 299 [66 Cal.Rptr. 1, 437 P.2d 489]; *People* v. *Neer, supra*; *People* v. *Gallo, supra*.)

■ Nevertheless, we believe the entry in this case was lawful under both state and federal interpretations of the knock-notice requirements. California's substantial compliance rule holds, "When police procedures fail to conform to the precise demands of the statute but nevertheless serve its policies we have deemed that there has been such substantial compliance that technical and, in the particular circumstances, insignificant defaults may be ignored." (*People* v. *Peterson* (1973) 9 Cal.3d 717, 723 [108 Cal.Rptr. 835, 511 P.2d 1187].) In *Peterson* an officer with a search warrant knocked while observing two occupants of a residence engaged in conversation through an unlocked screen door. They paid him no heed, and he opened the screen door and stepped inside. From the threshold he identified himself, said he had a warrant, and proceeded to walk into the room. ■■ The court found the entry lawful because the purposes of the statute had been satisfied: (1) protection of privacy; (2) protection of inno-

cent persons on the premises; (3) prevention of incidents likely to lead to violence; and (4) protection of the officers serving the warrant. (*Ibid.*) Numerous cases have reached similar results on facts not meaningfully distinguishable from ours. (*People* v. *Tacy* (1987) 195 Cal.App.3d 1402 [241 Cal.Rptr. 400]; *People* v. *LaJocies* (1981) 119 Cal.App.3d 947 [174 Cal.Rptr. 100]; *People* v. *Brownlee* (1977) 74 Cal.App.3d 921 [141 Cal.Rptr. 685]; *People* v. *Bustamante* (1971) 16 Cal.App.3d 213 [94 Cal.Rptr. 64].)

Nor would federal law compel suppression.[1] A line of federal cases excuses compliance on a basis similar to that articulated by the trial judge, i.e., the so-called "useless gesture" exception. (*Miller* v. *United States* (1958) 357 U.S. 301 [2 L.Ed.2d 1332, 78 S.Ct. 1190].) As explained in *Tacy,* the federal useless gesture rule is generally viewed as a counterpart to this state's substantial compliance doctrine. (*People* v. *Tacy, supra,* 195 Cal.App.3d at p. 1418.) It is fully applicable here. With an open door and officer and occupants visible to one another, it would have been an idle act for Byington to wait for a response: He was armed with a search warrant, they had no right to refuse entry, and there was virtually no chance of mistaking Byington in his police raid jacket for an unofficial intruder. (*Id.,* at p. 1421.) The primary goal of avoiding armed resistance by the occupants was fully satisfied in this case. Consequently, "[u]nder the circumstances here, to allow [the defendant] to open the screen door would have been a useless gesture." (*Ibid.*)

Excusing compliance does not denigrate the purposes of knock-notice requirements according to federal law: "To the extent that the rule prevents violence, its utility is exhausted when the actual announcement is made. . . . [¶] The interest in preventing the unnecessary destruction of private property is clearly not present when officers enter through an unlocked door. . . . [¶] . . . The simple fact is that a homeowner has no right to prevent officers armed with a warrant . . . from entering his home. At the most, the 'refusal of admittance' requirement gives him a few moments to decide whether or not he will open the door himself. [Citation.] [¶] . . . [L]ittle, if anything is gained by permitting the occupant to open the door to an entry that he cannot legally resist." (*United States* v. *Bustamante-Gamez* (9th Cir. 1973) 488 F.2d 4, 11-12, cert. den. (1974) 416 U.S. 970 [40

---

[1] After Proposition 8, the exclusionary rule may only be employed where required under federal law, even though California courts might perceive a Fourth Amendment violation. (*In re Lance W.* (1985) 37 Cal.3d 873, 886-887 [210 Cal.Rptr. 631, 694 P.2d 744]; *People* v. *Neer, supra,* 177 Cal.App.3d at pp. 1001, 1012 (dis. opn. of Crosby, J.).)

L.Ed.2d 559, 94 S.Ct. 1993]; see also *United States* v. *Whitney* (9th Cir. 1980) 633 F.2d 902, 909.) The motion to suppress was properly denied.

Judgment affirmed.

Scoville, P. J., and Moore, J., concurred.