Randy DITH, et al., Plaintiffs—Appellants,

v.

CITY OF DOWNEY, et al., Defendants—Appellees.

No. 04–55863.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2006.

Decided March 16, 2006.

Donald W. Cook, Esq., Los Angeles, CA, for Plaintiffs–Appellants.

Eugene P. Ramirez, Esq., Manning & Marder et al, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: KOZINSKI, TROTT, and BEA, Circuit Judges.

## MEMORANDUM *

### I

■ The Diths argue that the magistrate judge lacked probable cause to issue the search warrant for their apartment because Detective Romero's sworn statement of probable cause did not describe their particular apartment. *See* U.S. Const. amend. IV; Cal. Const. art I, § 13; *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Greenstreet v. County of San Bernardino*, 41 F.3d 1306, 1310 (9th Cir.1994). We reject this argument because the search warrant and affidavit incorporated by reference a description of the Diths' particular apartment—a description to which Romero swore under oath.

■ The Diths also argue that the magistrate judge lacked probable cause to issue the search warrant for their apartment because Romero's sworn statement of probable cause did not establish the reliability of his confidential reliable informant (C.R.I.). Under the totality of circumstances, however—particularly the narcotics purchase that the C.R.I. executed in cooperation with the police—our "commonsense" assessment is that Romero's statement of probable cause established a "fair probability" that searching the Diths' apartment would uncover "contraband or evidence of a crime." *Gates*, 462 U.S. at 238, 103 S.Ct. 2317.

Accordingly, without needing to address qualified immunity or municipal liability, we affirm summary judgment for the de-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fendants on the Diths' claim that the search warrant lacked probable cause.

## II

The Diths also claim that Romero deceived the magistrate judge to obtain his search warrant. Having carefully considered the record and the Diths' arguments, we see no evidence that Romero deliberately or recklessly misled the magistrate judge. Thus, we affirm summary judgment for Romero on the Diths' judicial deception claim. *See Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir.2002).

## III

■ Finally, the Diths claim that the police officers executing the search warrant for their apartment failed to "knock and announce" as required by both the Federal Constitution and the California Constitution. U.S. Const. amend. IV; Cal. Const. art. I, § 13; *United States v. Bynum*, 362 F.3d 574, 579 (9th Cir.2004); *People v. Uhler*, 208 Cal.App.3d 766, 256 Cal.Rptr. 336, 337 (1989). The declarations of Tracy Martinez and Randy Dith create a genuine issue of material fact as to whether the police officers knocked and announced before entering the Diths' apartment. Thus, the district court erred in awarding summary judgment for the defendants on the Diths' knock-notice claim. *See Barlow*, 943 F.2d at 1134. Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

TROTT, Circuit Judge, concurring in part and dissenting in part.

I agree with my colleagues that the district court's grant of summary judgment in favor of the defendants on the Diths' probable cause claim was correct. I concur also with respect to their disposition of the Diths' "judicial deception" claim. However, I respectfully disagree with my colleagues' conclusion that the Diths' knock and announce claim presents a genuine issue of material fact that must go beyond summary judgment to a factfinder.

As explained by the Supreme Court in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) a dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. 2505. If not, the moving party is entitled to "judgment as a matter of law." Fed.R.Civ.P. § 56(c). The same rule holds true during the course of a trial by jury. If, after a "party has been fully heard on an issue and there is no reasonably sufficient evidentiary basis for a reasonable jury to find for that party on that issue," the court may determine that issue and grant a motion for judgment as a matter of law. Fed.R.Civ.P. § 50(a)(1). The purpose of summary judgment is to address these issues early so as to avoid unnecessary trials.

Here, the City of Downey called on the Diths on summary judgment to show their cards on the knock and announce issue. The district court looked at the evidence and said, in effect, what you have is not enough for a reasonable jury to conclude that the police failed to discharge their knock and announce responsibilities before entering. I agree. The officers serving the warrant offered declarations to the effect that they knocked, announced their purpose, and received no response. All the Diths could offer was not that the police did not knock and announce, but that Mr. Dith did not hear what they said.

In his first declaration, Mr. Dith initially claimed that he "did not hear anyone an-

nounce themselves or demand entry." Later, in his deposition he stated that he "heard footsteps coming up the staircase" and that he heard male voices but could not understand what was being said. In his second declaration he stated that "I could hear someone knocking on my front door from my bedroom" and that "I could hear someone talking at the front door." Even Mr. Dith's first declaration does not contradict the declarations by law enforcement officials that they knocked and announced their presence before entering the premises, it only supports the conclusion that he did not hear what was being said. Mr. Dith's second declaration, albeit contradictory to his first, is a clear admission that law enforcement did knock and announce. Consequently, Mr. Dith's statements do not create a genuine issue of material fact: the evidence would not support a verdict in the Diths' favor.

Ms. Martinez's statement that she "did not hear the police knock on the door before entering the apartment," nor did she "hear the police knock" or "say anything before going into the [Appellants'] apartment" but that she heard them say "Police" once they entered, does not advance the Diths' cause. Similar to Mr. Dith's first declaration, simply because Ms. Martinez could not hear anything from her vantage point is not a denial that the events took place.

The district court noted that the Martinez declaration "suggests that Ms. Martinez was too far from the front door to accurately witness the events" and seems implausible in light of Mr. Dith's admission that he heard the events. A review of the record shows that this conclusion was correct and undisputed. Indeed, Appellants have not presented any evidence contradicting the declaration of James M. Worford that Ms. Martinez physically could not have observed all that went on from the vantage point described in her affidavit.

Consequently, I would affirm the district court across the broad.